UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOCELYN MERCADO, ON BEHALF OF
HERSELF AND ON BEHALF OF JESSE
MERCADO, A MINOR,

                              Plaintiff,

   -against-

THE CITY OF NEW YORK and POLICE
OFFICER "JOHN DOES 1-7",

                              Defendants.
-----------------------------------------------------------------x

Docket No.:

**CV 06 3420**

**KORMAN, CH. J.**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2006 ★
LEVY, M. BROOKLYN OFFICE

      Plaintiff Jocelyn Mercado, on behalf of herself and on behalf of Jesse Mercado, a minor, by her attorneys, Ofodile & Associates, P.C., complaining of the Defendants -- the City of New York (hereinafter also referred to as "City") and Police Officer "John Does 1-7", upon information and belief, alleges as follows:

## NATURE OF ACTION

    1.    This is an action at law to redress the assault and battery of, and use of excessive force against, Jesse Mercado, in violation of Jesse Mercado's rights under common law, the United States Constitution, and 42 U.S.C. § 1983.

    2.    This is also an action to redress unreasonable search and seizure and trespass, in violation of the rights of Jesse Mercado and in violation of the rights of Plaintiff Jocelyn Mercado, under common law, the United States Constitution, and 42 U.S.C. § 1983.

    3.    This is also an action to redress the prosecution without probable cause, and

1

malicious prosecution, of Jesse Mercado, in violation of Jesse Mercado's rights under common law, the United States Constitution, and 42 U.S.C. § 1983.

4. This is also an action to redress the pain and suffering and personal injuries as well as medical expenses sustained by Jesse Mercado and sustained by Plaintiff Jocelyn Mercado, caused by the intentional, malicious, careless, and negligent acts of the City of New York and several of its Police Officers.

## JURISDICTION AND VENUE

5. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

6. Venue is proper because the events complained of occurred in the County of Kings, which is in the Eastern District of New York.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

7. All conditions precedent for the filing of this action have been complied with: a written Notice of Claim, sworn to by Plaintiff Jocelyn Mercado, was served upon Defendant City of New York on or about January 31, 2006, to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the Supreme

Court, and given Claim Number 2006PI003946.

8. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the Claim has been neglected or refused.

## PARTIES

9. During all times relevant and material to this Complaint, Plaintiff Jocelyn Mercado and Jesse Mercado were residents of the State of New York.

10. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

11. During all times relevant and material to this case, Defendant Police Officers " John Does 1-7" were employed by Defendant City of New York through its Police Department.

12. Upon information and belief, during all times relevant and material to this case, Defendant Police Officers "John Does 1-7" were employed within the 60th Precinct of the City of New York.

## FACTUAL ALLEGATIONS

13. This action arose out of incidents that began on or about Wednesday, January 18, 2006, on Bedford Avenue, between Avenues T & U, in Brooklyn, New York, at approximately 12-12:30 p.m. Plaintiff Jocelyn Mercado and her son Jesse Mercado live together in an apartment on this block.

14. On or about January 18, 2006, Jesse Mercado, who is a senior in high school, had just arrived home from school when he was called by his friend Jessica. She told him that she

3

had given his number to a guy named "Ivan" who had called her about getting some marijuana and who had told her that he knew her very well.

15.     Jesse Mercado then received a call from the individual and the individual told Jesse that he was Jessica's very good friend. He said that he needed to meet Jesse for a "sixty". Jesse asked him how he knew Jessica and he said from work.

16.     When Jesse Mercado realized it was pouring outside, he told the person to come to his block on Bedford Avenue, between Avenues T & U. Jesse looked outside his window and saw a black pickup truck. He saw "Ivan", a White male, get out of the pickup truck and walk over to another car, apparently thinking that Jesse Mercado was in that car.

17.     "Ivan" went back into the pickup truck, called Jesse, and asked where he was. Jesse stated that he was coming outside. Jesse went over to the black pickup truck and handed "Ivan" a tin foil. "Ivan" opened the tin foil up and gave Jesse sixty dollars. Besides "Ivan", Jesse saw another White male in the pickup truck.

18.     Because it was pouring and cold outside and Jesse was only wearing a shirt, he began running back toward his house. When he reached the gate to his house and was trying to open up the gate, a group of four or five people came toward him and they tried to grab him. The group included one or two White males, two Black males, and one White female. Plaintiff thought he was getting mugged and so he broke away from their hold and began to run. Plaintiff later found out that these individuals were Defendant Police Officers, but at the time, he had no knowledge and no indication that they were police officers, as they were all wearing plain clothes/civilian clothes and they didn't identify themselves as police officers or display, or otherwise show Jesse, any badges or any type of identification.

4

19. Jesse ran the distance of approximately two houses away toward the corner when "Ivan" who had gotten out of the pickup truck when he saw Jesse start to run caught up with him and punched him viciously on the bridge of his nose. The punch broke Jesse's nose and sent him falling to the ground. Jesse's shirt was ripped from his body leaving him completely shirtless, and also his thick rose gold chain was yanked from his neck.

20. Then "Ivan" and the four or five other individuals continued to brutally beat him. They punched him repeatedly and they kicked him hard repeatedly with their heavy boots. Plaintiff was bleeding from his nose, his mouth, and his torso. Again, while these individuals were severely beating Jesse, Jesse had no knowledge and no indication that they were police officers as "Ivan" had been in an unmarked vehicle, all of them were in plain clothes/civilian clothes, none of them had identified themselves as police officers, and none of them had displayed, or otherwise shown Jesse, badges or any other type of identification.

21. After beating Jesse severely, the individuals handcuffed him behind his back and it was only then that they identified themselves as police officers.

22. After they handcuffed Jesse, they picked him up, walked him toward his house, and asked him where the rest of the stuff was. Jesse told them that he had no keys. They took Jesse to the back of the house and there was not a way in from there. When the officers came back to the front of the house with Jesse, one of the police officers had already started to open the front door to the house. This police officer and the police officers who were walking Jesse went through the front door while pulling Jesse and then pushed the door to Jesse's apartment open. These police officers included one or two White male police officers, the two Black police officers, and the White female police officer. "Ivan", the other White male police officer, stayed

5

outside of the house.

23. At no time did Jesse give the police officers permission to enter the apartment or to enter the house for that matter, and the police officers did not request Jesse's permission to enter the apartment or the house. Furthermore, the police officers were the ones to push open the doors to the apartment and to the house.

24. When they pushed open the door to the apartment, they went straight to Jesse's room. To reach Jesse's room they had to walk through the living room, the dining area, and the kitchen, and past other rooms. The shorter of the two Black officers, who later identified himself to Jesse as "Shorty", searched the wall unit in Jesse's room. He used the chair from the desk where Jesse had his computer to stand on and search the top of the wall unit where Jesse's stereo was. The officer picked up a Cirque du Soleil can that was sitting there and he asked Jesse whether there was anything in the can. Jesse responded no and the officer threw the can, which contained batteries and marbles, at Jesse's head causing Jesse to sustain a large swollen bruise on his forehead.

25. The officer asked Jesse where the stuff was. Jesse responded "over there" and gestured with his head toward the television set on his wall unit. On the television set, there were some pills and about ten dollars worth of marijuana. Jesse did not have any other marijuana or illegal drugs in the apartment.

26. The officers asked again where the drugs were and asked him if he had any guns. Jesse told him that he did not have any guns or other drugs. "Shorty" opened the drawers that were part of the wall unit and also searched behind his bed. The area was searched and no other illegal drugs were found.

27. Before the officers left the house with Jesse, they cleaned Jesse up, as he was

6

bleeding profusely from the brutal beating that the officers had given him earlier. The officers cleaned up the blood that was all over him in order to hide the result of their excessive use of force against him. They also tried to clean up all of the blood in the apartment, again to hide their excessive use of force against Jesse. They put a shirt and a jersey on Jesse as he was still shirtless from when his shirt was ripped from his body outside.

28.  The officers took Jesse out to the front of the house where "Ivan" was standing. "Ivan" told Jesse that he must have dropped something and he waived a plastic bag. He then went over to the van and put the plastic bag in an envelope and returned to the steps in front of Jesse's house. He said to Jesse, "What was that? Crack or heroin?" Jesse told him that he had no clue what he was talking about and that he had never seen that bag before. "Ivan" told him he found it on the sidewalk.

29.  The officers placed Jesse in the van and took him to the 60th Precinct. Jesse was fingerprinted and photographed. "Shorty" gave Jesse his number and told Jesse that he wanted to meet with him and his mother to find out the names of drug dealers. He told Jesse that he knows that Jesse is a small fish in the sea and that he isn't a big-time drug dealer.

30.  Jesse was kept in the 60th Precinct in a holding cell for about two hours and then he was transferred to Central Booking where he was kept for about a day. Jesse was suffering from excruciating pain from the beating that he had received, especially in his ankle. He couldn't walk or move his leg. While he was at Central Booking, he was taken to Kings County Hospital Center where he was treated and given medication.

31.  Jesse was charged with possession of a controlled substance including possession of heroin, attempt to sell narcotics to a police officer, and resisting arrest. The charge of

7

possession of heroin was later dismissed.

32. After Jesse was released from Central Booking, he went to receive further medical treatment and X-rays were taken of him. From the brutal beating that the officers had given Jesse, he sustained: a broken nose; a badly sprained and swollen ankle; bad bruises, marks, and scrapes on his body; and serious back pain. He had a great deal of difficulty walking and was limping for some time. In addition, due to the injuries that he sustained to his nose from the beating, he has had difficulty breathing and now suffers from chronic sinusitis, which he had never suffered from prior to the beating. He also sustained severe emotional and mental injuries as a result of the brutal assault and the intrusion into his apartment and room. Jesse missed many days from school because of the physical and emotional pain that he suffered, as well as to receive medical treatment.

## AS FOR A FIRST CAUSE OF ACTION

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34. Defendant Police Officer "John Does 1-7" brutally and savagely attacked Jesse Mercado, using excessive force against him. Defendant Police Officer "John Does 1-7" caused Jesse Mercado serious physical, emotional, and mental injury. The attack was carried out maliciously and in violation of, and with intentional disregard for, Jesse Mercado's Fourth and Fourteenth Amendment rights to be free from unreasonable, unnecessary, and wanton use of force. By violating Jesse Mercado's constitutional rights under color of State Law, Defendant Police Officer "John Does 1-7" violated 42 U.S.C. § 1983.

8

## AND AS FOR A SECOND CAUSE OF ACTION

35. Plaintiff repeats and realleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

36. Defendant Police Officer "John Does 1-7" conspired to brutally and savagely attack Jesse Mercado, using excessive force against him. Defendant Police Officer "John Does 1-7" conspiracy caused Jesse Mercado serious physical, emotional, and mental injury. Their conspiracy to attack him was carried out maliciously and in violation of, and with intentional disregard for, Jesse Mercado's Fourth and Fourteenth Amendment rights to be free from unreasonable, unnecessary, and wanton use of force. By conspiring to violate Jesse Mercado's constitutional rights under color of State Law, Defendant Police Officer "John Does 1-7" violated 42 U.S.C. § 1983.

## AND AS FOR A THIRD CAUSE OF ACTION

37. Plaintiff repeats and re-alleges paragraphs 1 through 36 as if each paragraph is repeated verbatim herein.

38. Defendant Police Officer "John Does 1-7" brutally, savagely, and maliciously assaulted and battered Jesse Mercado, causing him serious physical, emotional, and mental injuries, in violation of, and with intentional disregard for, Jesse Mercado's Common Law Rights.

## AND AS FOR AN FOURTH CAUSE OF ACTION

39. Plaintiff repeats and realleges paragraphs 1 through 38 as if each paragraph is

repeated verbatim herein.

40. Defendant Police Officer "John Does 1-7" searched and seized items from Plaintiff Jocelyn Mercado's and Jesse Mercado's residence without a warrant and without the consent of Plaintiff Jocelyn Mercado or her son Jesse Mercado. Defendant Police Officer "John Does 1-7" thereby violated Plaintiff Jocelyn Mercado's and Jesse Mercado's rights under the Fourth and Fourteenth Amendment to be free from unreasonable searches and seizures. By violating Plaintiff Jocelyn Mercado's and Jesse Mercado's constitutional rights under color of State Law, Defendant Police Officer "John Does 1-7" violated 42 U.S.C. § 1983. Defendants acted with malice and with intentional disregard for Plaintiff Jocelyn Mercado's and Jesse Mercado's rights and their violation of Plaintiff Jocelyn Mercado's and Jesse Mercado's rights caused Jocelyn and Jesse Mercado emotional, mental, and physical distress.

## AND AS FOR A FIFTH CAUSE OF ACTION

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.

42. Defendant Police Officer "John Does 1-7" conspired to search and seize items from Plaintiff Jocelyn Mercado's and Jesse Mercado's residence without a warrant and without the consent of Plaintiff Jocelyn Mercado or her son Jesse Mercado. Defendant Police Officer "John Does 1-7" thereby conspired to violate Plaintiff Jocelyn Mercado's and Jesse Mercado's rights under the Fourth and Fourteenth Amendment to be free from unreasonable searches and seizures. By conspiring to violate Plaintiff Jocelyn Mercado's and Jesse Mercado's constitutional rights under color of State Law, Defendant Police Officer "John Does 1-7" violated

42 U.S.C. § 1983. Defendants acted with malice and with intentional disregard for Plaintiff Jocelyn Mercado's and Jesse Mercado's rights and their conspiracy to violate Plaintiff Jocelyn Mercado's and Jesse Mercado's rights caused Jocelyn and Jesse Mercado emotional, mental, and physical distress.

### AND AS FOR A SIXTH CAUSE OF ACTION

43. Plaintiff repeats and re-alleges paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.

44. Defendant Police Officer "John Does 1-7" maliciously trespassed into Plaintiff Jocelyn Mercado's and Jesse Mercado's residence, as they entered their residence without a warrant and without the consent of Plaintiff Jocelyn Mercado or her son Jesse Mercado. Defendants acted in violation of, and with intentional disregard for, Plaintiff Jocelyn Mercado's and Jesse Mercado's rights under Common Law.

### AND AS FOR A SEVENTH CAUSE OF ACTION

45. Plaintiff repeats and realleges paragraphs 1 through 44 as if each paragraph is repeated verbatim herein.

46. In violation of 42 U.S.C. § 1983, Defendant Police Officer "John Does 1-7", while acting under color of State Law, charged Jesse Mercado with the crime of possession of heroin and prosecuted him on this charge, without probable cause to believe he had committed this crime, without any legal justification, and with malice and intentional disregard for Jesse Mercado's rights. The charge against Jesse Mercado for possession of heroin was later

dismissed. In bringing this fabricated charge against Jesse and prosecuting him on this charge, Defendants caused Jesse Mercado a great deal of physical, emotional, and mental distress.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if each paragraph is repeated verbatim herein.

48. In violation of 42 U.S.C. § 1983, Defendant Police Officer "John Does 1-7", while acting under color of State Law, conspired to charge Jesse Mercado with the crime of possession of heroin and prosecute him on this charge, without probable cause to believe he had committed this crime, without any legal justification, and with malice and intentional disregard for Jesse Mercado's rights. The charge against Jesse Mercado for possession of heroin was later dismissed. In conspiring to bring this fabricated charge against Jesse and prosecute him on this charge, Defendants caused Jesse Mercado a great deal of physical, emotional, and mental distress.

## AND AS FOR A NINTH CAUSE OF ACTION

49. Plaintiff repeats and realleges paragraphs 1 through 48 as if each paragraph is repeated verbatim herein.

50. In violation of common law, Defendant Police Officer "John Does 1-7" maliciously prosecuted Jesse Mercado on the allegation of possession of heroin, which they knew to be false. The charge against Jesse Mercado for possession of heroin was later dismissed. By maliciously prosecuting Plaintiff, Defendants caused Plaintiff a great deal of physical, emotional,

and mental distress.

### AND AS FOR A TENTH CAUSE OF ACTION

51. Plaintiff repeats and realleges paragraphs 1 through 50 as if each paragraph is repeated verbatim herein.

52. In violation of 42 U.S.C. § 1983, Defendant Police Officer "John Does 1-7", while acting under color of State Law, charged Jesse Mercado with the crime of resisting arrest and prosecuted him on this charge, without probable cause to believe he had committed this crime, without any legal justification, and with malice and intentional disregard for Jesse Mercado's rights. Defendant Police Officer "John Does 1-7" knew that they hadn't identified themselves as police officers or otherwise indicated to Jesse Mercado that they were police officers until they placed the handcuffs on him. In bringing this fabricated charge against Jesse and prosecuting him on this charge, Defendants caused Jesse Mercado a great deal of physical, emotional, and mental distress.

### AND AS FOR AN ELEVENTH CAUSE OF ACTION

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if each paragraph is repeated verbatim herein.

54. In violation of 42 U.S.C. § 1983, Defendant Police Officer "John Does 1-7", while acting under color of State Law, conspired to charge Jesse Mercado with the crime of resisting arrest and prosecute him on this charge, without probable cause to believe he had committed this crime, without any legal justification, and with malice and intentional disregard

for Jesse Mercado's rights. Defendant Police Officer "John Does 1-7" knew that they hadn't identified themselves as police officers or otherwise indicated to Jesse Mercado that they were police officers until they placed the handcuffs on him. In conspiring to bring this fabricated charge against Jesse and prosecute him on this charge, Defendants caused Jesse Mercado a great deal of physical, emotional, and mental distress.

### AND AS FOR A TWELFTH CAUSE OF ACTION

55. Plaintiff repeats and realleges paragraphs 1 through 54 as if each paragraph is repeated verbatim herein.

56. In violation of common law, Defendant Police Officer "John Does 1-7" maliciously prosecuted Jesse Mercado on the allegation of resisting arrest, which they knew to be false. Defendant Police Officer "John Does 1-7" knew that they hadn't identified themselves as police officers or otherwise indicated to Jesse Mercado that they were police officers until they placed the handcuffs on him. By maliciously prosecuting Plaintiff, Defendants caused Plaintiff a great deal of physical, emotional, and mental distress.

### AND AS FOR A THIRTEENTH CAUSE OF ACTION

57. Plaintiff repeats and realleges paragraphs 1 through 56 as if each paragraph is repeated verbatim herein.

58. Defendant Police Officer "John Does 1-7" were acting as agents of Defendant City of New York (through its Police Department) in each of the Third, Sixth, Ninth, and Twelfth Causes of Action. Therefore, under the common law principal agent/respondeat superior rule,

Defendant City of New York is jointly and severally liable with the individual Defendants for the general and specific damages Plaintiff Jocelyn Mercado and/or her son Jesse Mercado sustained in each of the Third, Sixth, Ninth, and Twelfth Causes of Action, as well as for attorneys' fees and the costs and disbursements of the action.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows:

**For each of the First, Second, Fourth, Fifth, Seventh, Eighth, Tenth, and Eleventh Causes of Action against Defendant Police Officer "John Does 1-7":**

i. General and compensatory damages in an amount that would adequately compensate Plaintiff Jocelyn Mercado and/or Jesse Mercado for the violation of their rights and for their physical, emotional and mental distress;

ii. Punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct;

iii. Specific damages in the amount that it would cost to repair Jesse Mercado's rose gold chain;

iv. attorneys' fees and the costs and disbursements of this action; and

v. such other relief as the court deems just and proper.

**For each of the Third, Sixth, Ninth, Twelfth, and Fourteenth Causes of Action against all Defendants, jointly and severally:**

i. General and compensatory damages in an amount that would adequately compensate Plaintiff Jocelyn Mercado and/or Jesse Mercado for the violation of their rights and for their physical, emotional and mental distress;

15

ii. Punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct;

iii. Specific damages in the amount that it would cost to repair Jesse Mercado's rose gold chain;

iv. the costs and disbursements of this action; and

v. such other relief as the court deems just and proper.

Dated: Brooklyn, New York
July 11, 2006

        OFODILE & ASSOCIATES, P.C.
        Attorneys for Plaintiff Jocelyn Mercado on behalf of herself and on behalf of Jesse Mercado, a minor child

        By: _____
        ANTHONY C. OFODILE, ESQ. (AO-8295)
        498 Atlantic Ave.
        Brooklyn, NY 11217
        (718) 852-8300